UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| NICOLE CALMES, on behalf of herself and others similarly situated | : | CASE NO: _____ |
| | : | |
| Plaintiff, | : | JUDGE _____ |
| | : | |
| v. | : | |
| | : | |
| BLUEGRASS TRUCK AND TRAILER SERVICES LLC, | : | PLAINTIFFS' COMPLAINT |
| | : | |
| and | : | |
| | : | |
| CHAD A. DISTERDICK | : | |
| | : | |
| Defendants. | : | |

## PRELIMINARY STATEMENT

1. This is a collective action and class action brought by Plaintiff Nicole Calmes on behalf of herself and all others similarly situated, to recover overtime compensation from her employers, Defendants Bluegrass Truck and Trailer Services LLC and Chad A. Disterdick (collectively, "Defendants").

2. For a three-year period prior to the commencement of this action, Defendants have employed numerous employees under a policy of deducting overtime hours worked that were reported in order to avoid overtime.

3. Upon information and belief, Defendants continue to employ numerous employees under a policy of deducting overtime hours worked that were reported.

4. The abovementioned actions by Defendants have often resulted in a failure to pay the full statutory overtime to which these workers are entitled.

5. Plaintiff Calmes brings this action (1) as an opt-in collective action on behalf of herself and

all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and (2) on behalf of herself and a class of others pursuant to K.R.S. 337.285.

6. Plaintiff has been terminated from her position and has filed a Charge of Discrimination with the Kentucky Commission on Human Rights.

## PARTIES

**Plaintiffs**

7. Plaintiff Calmes is a former employee of Defendants. She was employed as the Defendants' Office Manager, on an hourly basis, from April 2, 2018 to January 26, 2022.

8. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to the FSLA. Plaintiff and the FLSA Collective were, or are, employed by Defendants as hourly employees, were or are subject to Defendants' overtime policies, and work or have worked for Defendants during the applicable statutory period.

9. Plaintiffs also brings this action under K.R.S. 337.285 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff and the putative Rule 23 Class were, or are, employed by Defendants as hourly employees and were or are subjected to Defendants' overtime policies, and they work or have worked for Defendants during the applicable statutory period.

**Defendants**

10. Defendant Bluegrass Truck and Trailer Services LLC ("Bluegrass Truck"), is a Kentucky limited liability company for profit with its principal place of business located in this judicial district.

11. Defendant Chad A Disterdick is the principal owner of Defendant Bluegrass Truck and is

2

a resident of this judicial district.

12. Defendants subjected Plaintiffs and the other similarly situated employees to the same payroll policies and procedures as outlined in the factual allegations below.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over Plaintiffs' Complaint because they are asserting claims under the Fair Labor Standards Act, 29 U.S.C. §203, *et seq.*

14. This Court has supplemental jurisdiction to hear Plaintiffs' state law claims because they arose out of the same transaction or occurrence as, and share the same nucleus of operative fact with, Plaintiffs' federal claims.

15. Venue in this Court is proper, as a substantial amount of the events giving rise to the claims occurred herein.

## FACTUAL ALLEGATIONS

16. Defendants service fleet trucks for companies throughout Kentucky, Ohio, West Virginia, Georgia, South Carolina, and Tennessee.

17. For an as of yet unknown period of time, Defendants have employed numerous hourly employees who worked in excess of forty hours per week.

18. To avoid paying the mandatory overtime, Defendants would routinely manipulate the timesheets of hourly employees to show less than the full hours worked.

19. Defendants would compensate employees based on these manipulated time sheets, causing them to not be paid for their full hours worked.

20. Defendants suffered and permitted Plaintiffs and the putative collective/class members to work more than 40 hours in a week without paying them their full, legally-mandated overtime.

21. Defendants were aware, or should have been aware, that Plaintiffs and the putative collective/class members performed non-exempt work that required payment of full overtime wages.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

23. Plaintiff files this action on behalf of themselves and all similarly situated individuals. The proposed FLSA collective is defined as follows:

   All persons who worked as non-exempt employees for Defendants, and who worked in excess of 40 hours in any workweek, and who were not paid the full one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek and/or ("FLSA Collective").

24. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. §216(b). Plaintiff's signed consent forms are attached as Exhibit A.

25. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

26. During the applicable statutory period, Plaintiff and the putative collective members often worked in excess of 40 hours in a workweek without receiving overtime compensation for their overtime hours worked.

27. During the applicable statutory period, Plaintiff and the putative collective members often received less than the minimum wage as compensation for their work.

28. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to pay their non-exempt employees the full overtime compensation the FLSA Collective were entitled to when Defendants were fully aware these employees were working overtime hours, and by deliberately devising a scheme to avoid the overtime

obligation. Specifically, Defendants manipulated time records to reduce the overtime liability.

29. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly-situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## KENTUCKY CLASS ALLEGATIONS

30. Plaintiff (the "Kentucky Class Representative") brings this action under K.R.S. 337.285 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

    All persons who worked as non-exempt employees for Defendants, and who worked in excess of 40 hours in any workweek, and who were not paid the full one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("Kentucky Class").

31. Numerosity: Upon information and belief, the proposed Kentucky Class is so numerous that joinder of all members is impracticable. The Kentucky Class Representative is informed and believes, and on that basis alleges, that during the applicable statutory period, Defendants employed over 20 people who satisfy the definition of the proposed Kentucky Class.

32. Typicality: The Kentucky Class Representative's claims are typical of the members of the Kentucky Class. The Kentucky Class worked unpaid overtime hours similar to the Kentucky Class Representative, and both the Kentucky Class Representative and the

Kentucky Class were subject to Defendants' policies and practices of failing to pay appropriate overtime compensation.

33. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the defendants.

34. Adequacy: The Kentucky Class Representative will fairly and adequately protect the interests of the Kentucky Class and have retained counsel experienced in wage and hour class and collective action litigation.

35. Commonality: Common questions of law and fact exist to all members of the Kentucky Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. Whether Defendants unlawfully failed to pay appropriate overtime compensation to the Kentucky Class Representative and the members of the Kentucky Class in violation Kentucky wage and hour laws;

   b. Whether Defendants' actions were willful; and

   c. The proper measure of damages sustained by the Kentucky Class Representative and the Kentucky Class.

36. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Kentucky Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

37. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Kentucky Class predominate over any questions only affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Kentucky Class the overtime pay to which they are entitled. The damages suffered by the individual Kentucky Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

38. Plaintiffs intend to send notice to all members of the Kentucky Class to the extent required by Rule 23. The names and addresses of the members of the Kentucky Class are available from Defendants.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(On behalf of Plaintiff and the FLSA Collective)**

39. Plaintiffs and the FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

40. The FLSA, 29 U.S.C. §207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

41. Defendants often suffered and permitted Plaintiffs and the FLSA Collective to work more than 40 hours in a workweek without paying the full overtime compensation.

42. Because Defendant manipulated its time records and compensated Plaintiff and the FLSA Collective based on those false records, Plaintiff and the FLSA Collective were paid below the full overtime amount.

43. Defendants violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

44. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered a loss of income.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

## COUNT II – VIOLATION OF K.R.S. 337.285

### UNPAID OVERTIME COMPENSATION

**(On behalf of the Kentucky Class Representative and the Kentucky Class)**

46. The Kentucky Class Representative and the Kentucky Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

47. K.R.S. 337.285 requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

48. K.R.S. 337.385 makes employers who violate K.R.S. 337.285 liable to the affected employees in the amount of unpaid wages, an equal amount as liquidated damages, costs, and attorneys' fees.

49. Defendants violated K.R.S. 337.285by regularly and repeatedly failing to fully compensate the Kentucky Class Representative and the Kentucky Class at the required overtime rate.

50. As the direct and proximate result of Defendants' unlawful conduct, the Kentucky Class Representative and the Kentucky Class have suffered a loss of income.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and those similarly situated, pray for judgment against Defendants as follows:

1. Designation of this action as a collective action on behalf of Plaintiff and the FLSA collective, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

2. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA and Kentucky state law;

4. Judgment against Defendants for violation of the overtime provisions of the FLSA and Kentucky state law;

5. Judgment that Defendants violations of the FLSA were willful;

6. An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

7. An award of post-judgment interest;

8. An award of reasonable attorneys' fees and costs;

9. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

10. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

*/s/ Christopher P. Finney*
_____
Christopher P. Finney (85250)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6650
(513) 943-6669-fax
chris@finneylawfirm.com
*Attorney for Plaintiff*