UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| NICOLE CALMES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 22-140-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BLUEGRASS TRUCK AND TRAILER SERVICES LLC, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Nicole Calmes' motion for conditional certification of a collective action. [Record No. 25] Calmes alleges that her former employer, Defendant Bluegrass Truck and Trailer Services LLC ("Bluegrass"), failed to provide her and similarly situated employees with proper overtime compensation as required by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 207(a), 216(b). [*Id.*]

The underlying allegations, as set forth in Calmes' Complaint and declaration, are as follows: Calmes was a Bluegrass office manager from early April 2018 to January 26, 2022. [Record No. 1, p. 2] Defendant Chad Disterdick owns Bluegrass, which services fleet trucks for companies located in Tennessee, Kentucky, South Carolina, Ohio, Georgia, and West Virginia. [*Id.* at 2-3.] Calmes and similarly situated employees worked more than forty hours per week, and Bluegrass failed to provide overtime compensation in violation of 29 U.S.C. § 207(a)(1). [*Id.* at 3-4.] Instead, the plaintiff asserts that Bluegrass and Disterdick "routinely manipulate[d] the timesheets . . . to show less than the full hours worked." [*Id.* at 3.] Calmes

further claims that she was "expected to and routinely did, work through lunch," and "would work an additional two to three hours per week answering the telephone and addressing the needs of Bluegrass's customers after hours." [Record No. 25-3]

Calmes defines similarly situated individuals as "[a]ll persons who worked as non-exempt employees for Defendants, and who worked in excess of 40 hours in any workweek, and who were not paid the full one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek." [Record No. 25, p. 1]  She has not provided declarations from any allegedly similarly situated employees, but states: "[a]s an Office Manager, I would observe that the hours reported by myself and other employees did not match the hours we were compensated for." [Record No. 25-3] The plaintiff seeks: (1) conditional certification of the proposed FLSA class; (2) Calmes' designation as class representative and her counsel as class counsel; (3) approval of her proposed notice; and (4) an order directing the defendants to provide contact information "of all members of the proposed class who were employed during the past three years." [Record No. 25-1]  In response, Bluegrass argues that: (1) Calmes has not made the required "modest factual showing" of a common unlawful policy; (2) two opt-in plaintiffs are time-barred and the remaining individuals provide no proof; and (3) Calmes is not an adequate representative for the proposed collective action . [Record No. 31]

Calmes' motion will be denied because she has not alleged sufficient facts to support conditional certification.

## I.

The FLSA states that an employer "who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "An action to recover unpaid overtime compensation under the FLSA may be maintained against any employer by 'any one or more employees for and in behalf of himself or themselves and other employees similarly situated.'" *Abney v. R.J. Corman R.R. Group*, No. 17-260, 2017 WL 3723657, at *1 (E.D. Ky. Aug. 29, 2017) (quoting 29 U.S.C. § 216(b)). A similarly situated employee must provide "consent in writing to become . . . a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

"District courts determine whether plaintiffs are similarly situated in a two-step process, the first at the beginning of discovery and the second after all class plaintiffs have decided whether to opt-in and discovery has concluded." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012). Three non-exhaustive factors may be relevant to determine whether employees are similarly situated. They are: "(1) the 'factual and employment settings of the individual[ ] plaintiffs'; (2) 'the different defenses to which the plaintiffs may be subject on an individual basis'; and (3) 'the degree of fairness and procedural impact of certifying the action as a collective action.'" *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016)). "[B]ut it is clear that plaintiffs are similarly situated when they suffer from a single,

FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Abney*, 2017 WL 3723657, at *5 (quoting *O'Brien*, 575 F.3d at 585).

Bluegrass first argues that Calmes has not provided sufficient factual proof to support a finding that the opt-in plaintiffs are similarly situated. [Record No. 31] The pre-discovery "notice stage" is "fairly lenient" and may be supported by declarations of opt-in plaintiffs and "[a]llegations based on hearsay may also be sufficient." *Ware v. Ckf Enters.*, No. 19-183, 2020 U.S. Dist. LEXIS 82879, at *13-15 (E.D. Ky. May 12, 2020). The "quantity of declarations is not a determinative factor," *Rozeboom v. Dietz & Watson, Inc.*, No.: 2:17-cv-01266, 2018 U.S. Dist. LEXIS 83492, at *6 (W.D. Wash. May 17, 2018), but a plaintiff must "establish at least a 'colorable basis' for their claim that the class of putative plaintiffs exists and that the class members are similarly situated," *Berry v. Office of the Fayette Cnty. Sheriff*, No. 5:14–356, 2015 WL 476320, at *1 (E.D. Ky. Feb. 5, 2015) (citing *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)). "[I]t is not necessary for the declarants to provide such details as the dates and times they worked overtime hours for which they were not compensated." *Noble v. Serco, Inc.*, No. 08-762009, U.S. Dist. LEXIS 89709, at *2 (E.D. Ky. Sept. 28, 2009). However, "a plaintiff's declaration must at least allege facts sufficient to support an inference that he or she has actual knowledge about other employees' job duties, pay structures, hours worked, and whether they were paid for overtime hours." *Berry*, 2015 WL 476320, at *1 (citing *Noble*, 2009 U.S. Dist. LEXIS 89709, at *2).

Calmes has not filed declarations from the five individuals who wish to opt-in to this action, and her declaration merely states: "As an Office Manager, I would observe that the

hours reported by myself and other employees did not match the hours we were compensated for." [Record No. 25-3]  She does not provide further detail in any filing.[1]

In *Sanchez v. JMP Ventures, L.L.C.*, the plaintiff alleged that the defendant's failure to pay overtime wages was "'common practice' . . . based on 'observations' and 'conversations' with other employees (whose first name [the plaintiff] list[ed])." No. 13 Civ. 7264, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014).  The court denied conditional certification because the plaintiff did not "provide *any* detail as to a *single* such observation or conversation," resulting in the court "not know[ing] where or when these observations or conversations occurred." *Id.* The plaintiff's "general allegations" were "precisely the kind of unsupported assertions and conclusory allegations that" were "insufficient to conditionally certify a class under § 216(b)." *Id.*; *see also Berry*, 2015 WL 476320, at *3 ("The plaintiffs' declarations contain, at best, conclusory allegations and simply state that the declarants believe other [opt-in plaintiffs] were subjected to similar discrimination."); *Ikikhueme v. CulinArt, Inc.*, No. 13 Civ. 293, 2013 WL 2395020, at *2-3 (S.D.N.Y. June 3, 2013) (denying conditional certification because the plaintiff relied on "unsupported assertions" and a single declaration from himself ); *Russo v. Moore Ingram Johnson & Steele, LLP*, No. 20-cv-00820, 2021 WL 3191025, at *11 (M.D. Tenn. July 28, 2021) ("In short, the plaintiff's Declaration offers no actual evidence from which it might reasonably be inferred that the other employees whom the plaintiff supposedly saw working outside their normally scheduled hours actually worked overtime for which they were not compensated.").

---

[1] The plaintiff had sufficient time to file a detailed declaration given the fact that the Court granted leave to file this motion after the filing deadline.

## II.

The undersigned need not reach the defendants' additional arguments because the plaintiff has not demonstrated the modest factual nexus necessary to justify conditional class certification. Accordingly, it is hereby

**ORDERED** that plaintiff's motion for conditional certification [Record No. 25] is **DENIED**.

Dated: January 25, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky