**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

| | |
|---|---|
| **NICOLE CALMES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 5:22-cv-00140-DCR-MAS |
| **BLUEGRASS TRUCK AND** ) | |
| **TRAILER SERVICES LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Nicole Calmes ("Calmes") has filed a Motion to Withdraw and Amend Her Responses to Defendants' First Set of Request for Admissions. [DE 32]. Defendants responded in opposition [DE 36] contending that because Calmes's responses were untimely, the requests are deemed admitted under FED. R. CIV. P. 36(a)(3). Because the admissions would defeat consideration of this matter on its merits and there is no prejudice to Defendants per FED. R. CIV. P. 36(b), the Court grants Calmes's motion.

**I.    PROCEDURAL BACKGROUND**

Calmes has sued Defendants based upon alleged violations of the Fair Labor Standards Act for failure to compensate her for overtime. [DE 1]. As part of discovery, Defendants propounded requests for admissions to Calmes on November 15, 2022. [DE 15, Page ID# 58]. Following the agreement of counsel providing Calmes two additional weeks to respond to the request for admissions, Calmes was due to respond to the request for admissions by December 29, 2022. [DE 29, Page ID# 156]. However, Calmes did not serve those responses until January 4, 2023. [DE 32, Page ID# 398].

1

The matter is currently set for trial on December 11, 2023, with discovery closing on July 21, 2023.  [DE 13].

## II.  ANALYSIS

There is no dispute that Calmes's responses to Defendants' request for admissions, even assuming the two-week extension, were tardy.  Thus, under FED. R. CIV. P. 36(a)(3), the requests are considered admitted.  Calmes seeks relief to withdraw the construed admissions and permit her to amend her responses in accordance with her response from January 4, 2023.

The Sixth Circuit has recognized the district court's "considerable discretion over whether to permit withdrawal or amendment of admissions." *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 154 (6th Cir. 1997) (quoting *Am. Auto. Assoc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991)).  The result is that "the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted."  *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (quoting *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983)).  This discretionary authority is grounded in FED. R. CIV. P. 36(b), which provides that a district court may "permit[ ] the admission to be withdrawn or amended" if doing so "[1] would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  *See Kerry Steel*, 106 F.3d at 154.

Permitting withdrawal of the admission in this case would satisfy the dual burdens of Rule 36.  "The first prong of the test articulated in Rule 36(b) is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case.'"  *Clark v. Johnston*, 413 F. App'x 804, 818 (6th Cir. 2011) (quoting *Riley v. Kurtz*,

194 F.3d 1313, 1999 WL 801560, at *3 (6th Cir. 1999)). Here, Defendants' requests for admission generally ask Calmes to admit she did not work or claim overtime, the admission of which would be the death knell of Calmes's claims. [DE 32, Page ID# 399 (quoting all four requests for admissions)]. Thus, if those requests were deemed admitted, Calmes's claims against Defendants would be practically defeated before the Court could consider the merits of her claims. Consequently, the first prong is met.

The second prong contemplates a specific prejudice. "[T]he prejudice contemplated by Rule 36(b) is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Prejudice under Rule 36(b), rather, relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Kerry Steel*, 106 F.3d at 154 (internal citations omitted). Here, Defendants still have five months to discover evidence concerning the topics raised in the requests for admission. [DE 13, Page ID# 53]. Defendants have ample "time during the discovery process to introduce other evidence that would be proper for the court to consider in regard to the issue[s]" raised in the requests. *Clark v. Johnston*, 413 Fed. App'x 804, 819 (6th Cir. 2011) (upholding a district court's decision to permit withdrawal of admissions).

The case cited by Defendants, *Sibby v. Ownit Mortg. Sols., Inc.*, is distinguishable based upon its far different procedural posture. 240 F. App'x 713 (6th Cir. 2007). In *Sibby*, the party sought to withdraw the admissions well after the close of discovery and after the parties filed dispositive motions. *Id.* at 716. Consequently, the Sixth Circuit affirmed the trial court's denial of the requested withdrawal. *Id.* at 717. Again, the parties here are far

3

from the close of discovery and dispositive motion practice. Thus, the Court is not persuaded by Defendants citation of *Sibby*.

In conclusion, Calmes's responses to Defendants' requests for admissions were tardy and, thus, admitted under Rule 36(a)(3). However, because Calmes has shown the admissions would prevent the Court from considering the merits of the case and there is no prejudice to Defendants, the Court finds her admissions may be withdrawn per Rule 36(b).

### III. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Calmes's Motion to Withdraw and Amend Her Responses to Defendants' First Set of Request for Admissions [DE 32] is **GRANTED**.

**IT IS FURTHER ORDERED** that Calmes's response to Defendants' request for admissions served on January 4, 2023, are **DEEMED** the responses to Defendants' first set of requests for admission.

The undersigned enters this Memorandum Opinion and Order pursuant to 28 U.S.C. § 636(b)(1)(A). Within fourteen (14) days after being served with a copy of this Memorandum Opinion and Order, either party may appeal the decision to Chief Judge Reeves pursuant to § 636(b)(1)(A) and FED. R. CIV. P. 72(a).

Entered this 1st day of March, 2023.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY